UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Tony L. Hart,<br><br>           Plaintiff,<br><br>v.<br><br>Las Vegas Metro Police and The Manager at McDonalds,<br><br>           Defendants. | Case No. 2:21-cv-01247-APG-DJA<br><br>**Report and Recommendatin** |

After the Court screened and dismissed his first complaint and first amended complaint, it ordered Plaintiff to file a second amended complaint on or before February 28, 2022. (ECF No. 13). Plaintiff timely filed a second amended complaint. (ECF No. 16). Plaintiff names Metro Police in their individual capacities, Tarick Walton, and The Manager at McDonalds Hwy (160) 7 Rainbow LVNV 89113. (*Id.*). Because the Court finds that Plaintiff has still not alleged any cognizable claim, it recommends dismissing his case. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.    Discussion.**

    ***A.    The Court recommends dismissing Plaintiff's case with prejudice.***

        1.    <u>Screening standard.</u>

Under 28 U.S.C. § 1915(e), courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted). When a court dismisses a complaint under

§ 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Iqbal*, 129 S.Ct. at 1949. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

Plaintiff asserts that he suffered "unlawful incarceration" because of a false arrest for sexual assault, battery with use of a deadly weapon, and assault with a deadly weapon. (ECF No. 16 at 1). He asserts that all these charges were dismissed. (*Id.*). Plaintiff explains that, because of his unlawful arrest, he was wrongfully imprisoned for 233 days. (*Id.* at 3). He asserts that he suffered emotional distress, lost his property, and lost his job as a temp worker. (*Id.* at 3). Plaintiff includes no factual allegations specific to the defendants he names.

Plaintiff appears to name the Las Vegas Metropolitan Police Department in his caption. However, Plaintiff has alleged no facts against LVMPD or asserted any cause of action against it other than listing "false arrest" and "negligence" in the caption. Plaintiff also appears to be asserting claims against Walton for "perjury." But Plaintiff includes no facts specific to Walton in his complaint. Nor has Plaintiff alleged any facts against the "Manager at McDonalds."

In its previous screening order, the Court noted that, if Plaintiff failed to file a second amended complaint to cure the noted deficiencies, the Court would recommend dismissal. The Court dismissed Plaintiff's first amended complaint because it contained little factual allegations against the defendants. Plaintiff's second amended complaint contains even less. The Court thus

recommends dismissal because it appears from Plaintiff's multiple complaints that amendment would be futile.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's case be dismissed.

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: May 9, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE