UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TONY L. HART, | Case No.: 2:21-cv-01247-CDS-DJA |
| Plaintiff, | |
| v. | **Order Adopting Report and Recommendation of the Magistrate Judge** |
| LAS VEGAS METRO POLICE, et al., | [ECF No. 19] |
| Defendants. | |

On May 9, 2022, United States Magistrate Judge Daniel J. Albregts issued a Report and Recommendation ("R&R") recommending that I dismiss this action with prejudice. ECF No. 19. Magistrate Judge Albregts previously issued a screening order ("screening order") advising Plaintiff he needed to file an amended complaint curing identified deficiencies in the pleading. *See* ECF No. 13. The screening order also denied Plaintiff's application to participate in an unidentified pro bono program. *Id.* at 5-6. Plaintiff was advised that failure to file an amended complaint would result in a recommendation that this complaint be dismissed with prejudice. *Id.* at 6.

On February 16, 2022, Plaintiff filed a second amended complaint ("SAC") (ECF No. 16) which Magistrate Judge Albregts subsequently screened. On May 9, 2022, the Magistrate Judge issued an R&R regarding the SAC, recommending I dismiss this action for Plaintiff's failure to cure the previously identified deficiencies in the original complaint and for failing to state any claim upon which relief can be granted. *See generally* ECF No. 19.

**Discussion**

"[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Here, Plaintiff did not object to the R&R. It is possible that Plaintiff did not receive a copy of the R&R because during the pendency of this action, Plaintiff's mail has been repeatedly returned undeliverable. *See* ECF Nos. 14, 15, 18. Plaintiff's failure to maintain his address is a violation of Local Rule IA 3-1, which requires that a pro se party must file with the court written notification of any change of mailing address, email address, or telephone number. LR IA 3-1. Failure to comply with LR IA 3-1 may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court. *Id.*

While *de novo* review is not required because Plaintiff failed to file objections, I nevertheless conducted a *de novo* review of the issues set forth in the report and recommendation. 28 U.S.C. § 636(b)(1). Judge Albregts set forth the proper legal analysis and factual basis in the R&R (ECF No. 19) and in the screening order which identified the deficiencies in Plaintiff's original complaint. The SAC does not cure those deficiencies. Rather, it is a two-page document seeking over 2 million dollars in compensation that fails to meet the pleading requirements set forth in Federal Rule of Civil Procedure 8(a)(2). That rule requires that a plaintiff plead "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Fed. R. Civ. Pro. 8(a)(2). Plaintiff's amended complaint fails to meet the requirements set forth in Rule 8(a)(2).

Accordingly, I adopt the R&R and dismiss this action. I also dismiss this action for Plaintiff's failure to maintain his address in violation of LR IA 3-1.

**Conclusion**

For the reasons set forth in the Order,

IT IS THEREFORE ORDERED that the Magistrate Judge Albregts Report and Recommendation **[ECF No. 19] is ADOPTED** in its entirety.

IT IS FURTHER ORDERED that the Plaintiff's Complaint is STRICKEN and this case is DISMISSED WITH PREJUDICE.

The Clerk of Court is directed to close the case.


DATED this 1st day of June, 2022.

_____
Cristina D. Silva
United States District Court Judge